FILED
CLERK, U.S. DISTRICT COURT

SEP 20 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STONE,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP FIELDS,<br><br>    Defendant. | Case No.   CV 13-5925 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

    The Court will remand this action to state court summarily because Defendant removed it improperly.

    On August 14, 2013, Defendant Philip Fields, having had a temporary restraining order ("TRO") issued against him in California state court, lodged a Notice Of Removal of that action in this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, Plaintiff could not have brought this action in federal court in

the first place, in that Defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the TRO requests injunctive relief. Moreover, because Defendant resides in the forum state, Defendant cannot properly remove the action, to the extent diversity jurisdiction is asserted. 28 U.S.C. § 1441(b).

Nor does Plaintiff's action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b). In his removal papers, Defendant asserts that Plaintiff's action violates several of his constitutional rights. However, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense" in a state court action. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court[.]").

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Ventura, Ventura Courthouse, 800 South Victoria Avenue, Ventura, CA 93009, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

Dated: 9/11/13

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE